The **MUTUAL BENEFIT LIFE INSUR-ANCE COMPANY**, Plaintiff,

and

The Equitable Life Assurance Society of the United States et al., Intervenor Plaintiffs,

v.

**ATLAS FINANCIAL CORPORATION**, Defendant-Appellant.

No. 19520.

United States Court of Appeals, Third Circuit.

Submitted on Briefs Dec. 9, 1971.

Decided Jan. 7, 1972.

As amended Jan. 13, 1972.

Patrick W. Kittredge, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa. (Harold Greenebrg, Philadelphia, Pa., on the brief), for appellant.

Reeder R. Fox, Duane, Morris & Heckscher, Philadelphia, Pa. (Leonard Barrack, Harold E. Kohn, P. A., Philadelphia, Pa., on the brief), for plaintiff-appellee.

Before McLAUGHLIN, ALDISERT and ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Judge Hannum in the district court, 320 F.Supp. 93, granted a preliminary injunction restraining defendant from making any payments to its former parent corporation, Scientific Resources Corporation, under the terms of a tax sharing agreement dated September 15, 1965, as amended December 31, 1966.

Plaintiff, The Mutual Benefit Life Insurance Company and nine intervenor plaintiffs have made loans to defendant appellant which is a finance company primarily engaged in the financing of customer loans. Defendant Atlas on September 30, 1970 owed plaintiffs $26,550,000. Through the default of Atlas the said principal balance became due and payable in June-July 1970. Just prior to a stipulation entered into by all noteholders and Atlas, the latter advised the noteholders that it intended to make a payment of $385,000 to its former parent corporation, Scientific Resources Corporation, in accord with its agreement with Scientific. Atlas refused to defer the payment. On September 30, 1970 an order was filed temporarily restraining Atlas from making such payment to Scientific or any affiliated corporation under the terms of above mentioned agreement with Scientific. On November 10, 1970 plaintiff and intervenor plaintiffs moved for a preliminary injunction prohibiting said payment.

The district court found that Atlas ". . . is for all practical purposes in the process of an orderly liquidation."

The court further held that it would take Atlas three years to repay the above mentioned indebtedness and that the Atlas assets were already less than the amount due the noteholders. The court concluded that no substantial prejudice would result to Atlas if it retained the $385,000 and if payment were permitted it would result in irreparable harm to the noteholders.

The record supports the district court's findings. See United States Steel Corp. v. Fraternal Ass'n. of Steelhaulers, 431 F.2d 1046, 1048 (3rd Cir. 1970).

The judgment, enjoining defendant Atlas from issuing any checks or making any payments to Scientific Resources Corporation under the terms of the tax sharing agreement dated September 15, 1965 as amended December 31, 1966, pending final hearing on this matter, will be affirmed.